DECISION AND JUDGMENT ENTRY
This accelerated appeal is from the April 14, 2000 judgment of the Erie County Court, Milan, Ohio, which sentenced appellant following his guilty plea to charges of operating a motor vehicle while under the influence of alcohol and/or drugs (R.C. 4511.19(A)(1) and (3)) and while not wearing a seat belt (R.C. 4513.263). Appellant, Robert A. Adkins, asserts a single assignment of error on appeal:
 "THE STOP OF APPELLANT'S VEHICLE WAS UNCONSTITUTIONAL BECAUSE THE OFFICERS INVOLVED DID NOT POSSESS A REASONABLE AND ARTICULABLE SUSPICION THAT APPELLANT VIOLATED A TRAFFIC LAW OR WAS ENGAGED IN ANY CRIMINAL ACTIVITY."
Prior to trial, appellant moved to suppress the evidence obtained as a result of an alleged illegal stop of his motor vehicle. After the trial court denied the motion, appellant entered a guilty plea, and he was sentenced.
On appeal, appellant contends that the trial court erred when it denied his motion to suppress. The trial court determined the following facts from the motion to suppress hearing. Employees of a fast food restaurant called the police to report a drive-thru customer (appellant) whose voice was slurred, who was behaving strangely in that he was rowdy and honking the horn inappropriately, and who was otherwise acting in such a way that led the employees to believe that he was intoxicated. The court failed to note that the evidence was undisputed that while the employees who waited on appellant observed the slurred speech and strange behavior, it was a manager who called the police to report a drunk driver. One of the employees testified that she overheard the manager say that appellant had slurred speech (which the manager did not hear) and that he was honking the horn and yelling (which the employee testified that the manager could have heard while she was making the call). While the trial court found that the employees described appellant's vehicle as a 1953 Chevrolet, they in fact only testified that he drove an old-fashioned green car. A police officer stopped a 1953 Chevrolet vehicle as it was leaving the restaurant based upon the phone call from these employees. The trial court also did not mention in its factual findings that there was evidence that other patrons pointed at the car as the officer arrived. Relying upon Maumee v. Weisner (1999), 87 Ohio St.3d 295, the trial court held that this stop did not violate appellant's constitutional right to be free from unreasonable stops and seizures.
A warrantless stop can be reasonable even if it is based solely upon a tip from a citizen and not upon the officer's personal observations of illegal activity. The test to determine if the stop is reasonable is whether under the totality of the circumstances the tip is trustworthy.Maumee v. Weisner (1999), 87 Ohio St.3d 295. Therefore, the state must prove that the "facts precipitating the dispatch justified a reasonable suspicion of criminal activity." Id. at 298. Where the officer's credibility is not attacked, we must consider whether the "tip itself has sufficient indicia of reliability to justify the investigative stop" by considering the "informant's veracity, reliability, and basis of knowledge." Id. at 299. The facts that the Ohio Supreme Court considered key in the Weisner case were that the citizen who provided identifying information, willingly continued contact, personally observed the events as they were occurring, and possessed an appropriate motivation for making the tip. Id. at 301-302.
Appellant contends that the case before us is factually distinguishable from the Weisner case. Appellant argues that the manager who made the call is an unknown informant because her identity has never been revealed, that the young employees had very little basis for concluding that appellant was intoxicated, and that no one ever saw him driving erratically.
Instead, he contends that this case is more akin to Florida v. J.L. (2000), 529 U.S. 266. In that case, the court held that generally an anonymous tip from an unknown location that only states facts regarding the identification of the defendant and not how the informer knew of the illegal activity is insufficient to give an officer a reasonable suspicion of criminal activity to stop the person. The Florida case reiterates that the key in these cases is the reliability of information regarding the criminal activity.
Appellee contends that the officer verified the information before stopping appellant and, therefore, had a reasonable suspicion of criminal activity. Since the only information regarding appellant's drunkenness was his slurred speech and honking and yelling behavior, we disagree. The officer did not testify that he heard any commotion when he arrived at the restaurant and he could not have observed appellant's speech. Therefore, the officer only relied upon the tip to make the stop.
We disagree with appellant, however, that this case is factually distinguishable from the Weisner case and similar to the Florida v. J.L. case. While the manager was never identified by name, the dispatcher did have sufficient information as to where the manager was calling from and her position at the restaurant that the officer could have made contact with her and the employees. We also find that there was sufficient information regarding appellant's criminal activity. Slurred speech and inappropriate behavior is sufficient to give rise to a reasonable suspicion that someone is intoxicated.
The only fact that makes this case unique is that the informer/manager did not observe the slurred speech herself. However, viewing the manager and the employees as a collective unit, they did have sufficient information to support their conclusion that appellant was driving while intoxicated. There was no need for them to actually see appellant drive erratically since the crime is driving while under the influence.
Accordingly, appellant's sole assignment of error is found not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Erie County Court, Milan, Ohio, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 ________________________ Peter M. Handwork, JUDGE
Richard W. Knepper, P.J. and Mark L. Pietrykowski, J. CONCUR.